IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA ex rel. STEVEN SZAREWICZ, Petitioner, v. SUPT. MELVIN LOCKETT, et al., Respondents. | Civil Action No. 07-160 Judge Arthur J. Schwab Magistrate Judge Caiazza |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I. RECOMMENDATION

It is recommended that the Petition for Writ of Habeas Corpus filed pursuant to the provisions of 28 U.S.C. §2241 by Steven Szarewicz be dismissed *sua sponte* because he has attempted to circumvent the requirement that he first seek permission from the Court of Appeals to file a second or successive petition.

#### II. REPORT

Steven Szarewicz ("Szarewicz" or "the Petitioner"), a state prisoner, has filed a federal habeas petition ostensibly pursuant to the provisions of 28 U.S.C. §2241. He concedes that he has already sought and has been denied habeas relief under 28 U.S.C. §2254 with respect to his 1981 state court conviction. His first habeas petition was filed at Civil Action 97-2006; the final order was entered in 2001. Furthermore, Szarewicz sought permission from the Court of Appeals to file a second or

successive Section 2254 petition, but his request was denied in 2004. Now, Szarewicz attempts to assert a new claim arguing that the jury instructions at his trial were defective under state law. He has styled his current petition as one arising under Section 2241, obviously attempting to avoid the requirement that he first seek permission from the Court of Appeals to file a second or successive Section 2254 petition.

Federal courts are authorized to dismiss any habeas petition that appears legally insufficient on its face. McFarland v. Scott, 512 U.S. 849 (1994), citing to Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. Although the rule cited in McFarland applies only to Section 2254 petitions, "[c]ourts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241." Perez v. Hemingway, 157 F. Supp.2d 790, 795 (E.D. Mich. 2001)(citing Howard v. Haley, No. CIV. A. 01-0065-BH-S, 2001 WL 303534, * 1 (S.D. Ala. March 8, 2001) and Howard v. Certain Unnamed Aircraft Pilots, No. 90 C 7197, 1995 WL 431150, *2 (N.D. Ill. July 18, 1995)). Accord United States v. Recinos-Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4).

Here, Szarewicz may not, through a re-characterization of his Petition, circumvent the clear Congressional intent to limit repeat habeas filings in federal courts attacking state court

convictions. This transparent attempt by Szarewicz to avoid the relevant rule has been foreclosed by <u>Felker v. Turpin</u>, 518 U.S. 651 (1996). <u>See</u>, <u>e.g.</u>, <u>Greenawalt v. Stewart</u>, 105 F.3d 1287, 1287 (9th Cir. 1997)("It is clear that [the petitioner] is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241. The Supreme Court has instructed . . . that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254") (internal citation omitted).

Before Szarewicz files a second or successive habeas petition in federal court he must first obtain permission from the Court of Appeals.

### III.  **CONCLUSION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Steven Szarewicz be dismissed without service.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, the Petitioner is allowed ten (10) days from the date of service to file written objections to this Report. A failure to timely file objections may constitute a waiver of any appellate rights.

```
                              s/Francis X. Caiazza
                              Francis X. Caiazza
                              United States Magistrate Judge
```

Dated: February 12, 2007

cc: Steven Szarewicz
    AP-8784
    SCI Greensburg
    R.D. 10, Box 10
    Greensburg, PA 15601